UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

COLONY BEACH AND TENNIS CLUB, INC.
COLONY BEACH, INC.,
RESORTS MANAGEMENT, INC.

Bankr. Case No. 8:13-bk-00348-KRM
Bankr. Case No. 8:13-bk-00350-KRM
Bankr. Case No. 8:13-bk-00354-KRM

Debtors,
_____/

COLONY LENDER, LLC,

    Appellant,

v.

Case No: 8:15-cv-1168-T-27

COLONY BEACH AND TENNIS CLUB,
INC., COLONY BEACH, INC., and
RESORTS MANAGEMENT, INC.

    Appellees.
_____/

## ORDER

**BEFORE THE COURT** is the Trustee's Motion to Dismiss Appeal (Dkt. 2). Upon consideration, the Trustee's Motion to Dismiss Appeal is **GRANTED**.

### Background

Appellants filed a Notice of Appeal directed to the Bankruptcy Court's May 12, 2015 Order Regarding Equitable Relief and Sanctions for Willful Violations of the Automatic Stay by Colony Lender, LLC, *et al* (Dkt. 8-1). The Chapter 7 Trustee for the bankruptcy debtors moves to dismiss the appeal, contending that the Bankruptcy Court's Order is not an appealable final order. Appellants

1

contend that the Bankruptcy Court's Order is either appealable as a final order, appealable under the doctrine of practical finality, or appealable under the collateral order doctrine. Alternatively, Appellants seek permission to pursue an interlocutory appeal.

Appellants seek an stay of ¶¶1-5, and 9 of the Bankruptcy Court's Order. Those paragraphs require, as a sanction, Appellants to dismiss a state court Rent Collection Action filed against more than 200 defendants without prejudice, to advise those defendants through correspondence that "no further rent collection action to collect rents will be taken without further order of this Court," and to correspond with "Unit Owners who entered into settlements" with Appellants, "offering each such Unit Owner a right to rescind the settlement and the related transfers . . ." within 30 days of the date of the Order. The mandated dismissal of the state court Rent Collection Action was to occur on Tuesday, May 26, 2015.  On May 21, 2015, ¶¶1, 3, and 4 of the Bankruptcy Court's Order were provisionally stayed by this Court.[1]

## Discussion

### *Appealable Final Order*

A final, appealable order "is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *In re F.D.R. Hickory House, Inc.*, 60 F.3d 724, 726 (11th Cir. 1995) (*quoting Catlin v. United States*, 324 U.S. 229, 233 (1945)). The Bankruptcy Court's Order Regarding Equitable Relief does not meet this test. The Order reserved jurisdiction to assess an award of monetary sanctions for violation of the automatic stay, to enter final judgment, and to assess any additional costs or damages (Dkt. 8-1 at 5). Since the Bankruptcy Court deferred

---

[1] The Bankruptcy Court's Order thoroughly explains the somewhat complex history of the proceedings pertinent to this appeal (Dkt. 8-1).

assessment of sanctions and entry of final judgment, the Order did not end this portion of the litigation on the merits and therefore does not constitute an appealable final order. *See In re Atlas*, 210 F.3d 1305, 1308 (11th Cir. 2000) ("'A final order in a bankruptcy proceeding is one that ends the litigation on the merits and leaves nothing for the court to do but execute its judgment.'") (quoting *In re Culton*, 111 F.3d 92, 93 (11th Cir.1997)); *Commodore Holdings, Inc. v. Exxon Mobil Corp.*, 331 F.3d 1257, 1259 (11th Cir. 2003) (order ending "the particular controversy regarding violation of the automatic stay" constituted a final order).

### *Doctrine of Practical Finality*

Appellants alternatively contend that certain aspects of the Bankruptcy Court's Order are, as a practical matter, final, and therefore appealable under the doctrine of practical finality, known as the *Forgay-Conrad* rule. Under this rule, "an order is treated as final if it directs the immediate delivery of physical property and subjects the losing party to irreparable injury if appellate review must await the final outcome of the litigation" *In re Charter Co.*, 778 F.2d 617, 622 (11th Cir. 1985) (quoting *In re Regency Woods Apartments, Ltd.*, 686 F.2d 899, 902 (11th Cir.1982)). Appellants assert that requiring it to "'deliver' or give up . . . (its right to collect the Rent Payment Obligation and the costs of service of the Rent Collection Action) immediately . . . by virtue of the requirement of the dismissal of the Rent Collection Action" falls within the *Forgay-Conrad* rule.

Appellants' argument that the dismissal of the state court actions constitutes a "delivery" of physical property within the *Forgay-Conrad* rule is borderline disingenuous. They cite no authority supporting this contention. The Bankruptcy Court's Order did not direct immediate delivery of physical property, as required by the *Forgay-Conrad* rule. The purpose of the Bankruptcy Court's Order was to remediate the automatic stay violation and return the parties to the *status quo ante*. No

transfer of property was directed.

### Cohen Collateral Order Doctrine

Appellants next contend that the Bankruptcy Court's Order falls under the *Cohen* Collateral Order Doctrine.[2] To do so "the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978). More specifically, review under the collateral order doctrine is permitted when: "(1) the order is independent from the substance of the other claims in the action, (2) prompt review is necessary to protect important interest[s] of any party; and (3) the reviewing court examines the first two requirements in light of practical, as opposed to technical, considerations." *Matter of Wisz*, 778 F.2d 762, 764 (11th Cir. 1985). The collateral order doctrine is a narrow exception to the final judgment rule. *Alimenta (USA), Inc. v. Lyng*, 872 F.2d 382, 384 (11th Cir. 1989) (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374-75 (1981) (explaining that only a "small class" of orders are appealable under the *Cohen* collateral order doctrine).

The Bankruptcy Court's Order does not meet these requirements, since the subject of the order, Colony Lender's asserted rights to the Lease rents, is intertwined with issues remaining to be resolved by the Bankruptcy Court in the underlying bankruptcy proceedings. What interest, if any, Colony Lender has in the Lease rents has yet to be determined by the Bankruptcy Court. As noted on page 2 of the Bankruptcy Court's Order, an adversary proceeding is pending in which a determination of ownership interests in the Lease and rents will be made. Whether Colony Lender or the Trustee owns the Rec Lease and possesses the right to enforce the Units Owners' obligations

---

[2] *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S. Ct. 1221, 1225, 93 L. Ed. 1528 (1949).

under the Rec Lease, and the claims for damages are the subject of that adversary proceeding, Case No. 8:14-ap-00776-KRM. Moreover, the enforceability of the Rec Lease remains an issue in a pending appeal before the district court in Case No. 8:10-cv-913-T-23. It cannot, therefore, be said that the Bankruptcy Court's Order is independent of the substance of the other claims in the underlying bankruptcy proceeding or adversary proceeding, or that prompt review is necessary. The review Appellants seek would essentially usurp the Bankruptcy Court's jurisdiction to decide those issues in the first instance.

*Interlocutory Appeal*

Finally, Appellants seek leave to pursue an interlocutory appeal of the Bankruptcy Court's Order Regarding Equitable Relief. "District courts may grant leave to hear appeals of interlocutory orders entered by a bankruptcy judge." *Laurent v. Kerkert*, 196 Fed. App'x 771, 772 (11th Cir. 2006). Because § 158(a) "does not provide the district court[s] any criteria for determining whether to exercise their discretionary authority to grant leave to appeal," district courts routinely utilize 28 U.S.C. § 1292(b), which governs interlocutory appeals to the courts of appeals from the district courts. *Id.* (internal quotation marks and citation omitted). Under § 1292(b), an appellant must demonstrate: "(1) the order presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among the courts; and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation." *Id.* (citation omitted).

Appellants do not satisfy their burden of establishing the § 1292(b) factors.[3] Appellants

---

[3] "[The appellant] has the burden of persuading the court of appeals that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (internal quotation marks and citation omitted); *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004) (petitioning party has burden to satisfy § 1292(b)).

suggest there are four controlling questions of law which should be heard on an interlocutory basis.[4] However, they provide no authority demonstrating that those questions, as framed, are controlling questions of law on which there is a substantial ground for difference of opinion. The questions of law they frame are neither "abstract legal issues" nor questions of "pure" law such that this appeal presents controlling questions of law, as required by § 1292(b). *See McFarlin, LLC*, 381 F.3d at 1258 ("The term 'question of law' does not mean the application of settled law to fact."). Finally, their argument that an interlocutory appeal would advance the ultimate termination of the litigation is unconvincing.

Accordingly, the Trustee's Motion to Dismiss Appeal (Dkt. 2) is **GRANTED**. This appeal is **DISMISSED**. Appellants' Emergency Motion for Stay Pending Appeal (Dkt. 8) is **DENIED** *as moot*. The Order provisionally staying ¶¶ 1, 3, and 4 of the Bankruptcy Court's

---

[4] The four questions as framed by Appellants are:

(i) did the Bankruptcy Court err in making any order with respect to the Field Rent Collection Rights when it has and had absolutely no jurisdiction over the Field Rent Collection Rights or any effort by Colony Lender to exploit them in the Rent Collection Action at any time; (ii) did the Bankruptcy Court err in determining that the Debtors' continue to own a portion of the Rent Payment Obligations following the Sale, notwithstanding the undisputed fact that they are covenants running with the land, and, thus, err in basing its finding and Order declaring a violation of the automatic stay on an asset that was not actually a §541 asset of any Debtor's estate following the Sale; (iii) as the Lease and the Rent Payment Obligations are owned by Colony Lender, who acquired the underlying fee at the Sale, did the Bankruptcy Court err in making any order affecting these assets by virtue of its lack of jurisdiction over these assets following the Sale; and (iv) did the Bankruptcy Court err in requiring the Company, an entity that had never before been before the Bankruptcy Court and over whom the Court had no in personam jurisdiction, to offer to rescind unit purchases it acquired during the pendency of the Debtors' cases when the Court had no subject matter jurisdiction over the transactions or in personam jurisdiction over the sellers in those transactions either.

(Dkt. 12 at 13-14).

Order (Dkt. 10) is **VACATED**. The Clerk is directed to **CLOSE** the file.

**DONE AND ORDERED** this 24th day of June, 2015.

                                            JAMES D. WHITTEMORE
                                            **United States District Judge**

Copies to: Counsel of Record